The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Is the Motor License Agent of the Oklahoma Tax Commission responsible for the correctness of the school district designation on the application for house trailer or mobile home registration? "2. To what degree is the Mobile Home Licensing Agent liable for erroneous distribution of trailer home and mobile home license fees due to erroneous designation of school district on the application for license? Does such liability apply to prior years?" The licensing and registration provisions for house trailers and mobile homes are specifically enumerated at 47 O.S. 22.5m [47-22.5m] (1979) of the Motor Vehicle License and Registration Act (47 O.S. 22 [47-22] (1979) et seq.). Section 47 O.S. 22.5m [47-22.5m] [47-22.5m](B) is as follows: "B. The purchaser of every new trailer house or mobile home shall license said new trailer house or mobile home within ten (10) days from the date of the purchase thereof. It shall be the responsibility of the selling dealer to place a temporary license plate on such new vehicle in the same manner as provided for other new vehicles in Section 23. 30a of this title. Application for licensing house trailers or mobile homes shall be made to the Commission, or its motor license agent. Such application shall be accompanied by the license fees and penalties, if any, and shall designate the county and school district in which the vehicle is located or is to be located." (Emphasis added). In answer to your first question, a clear reading of paragraph B above shows that the owner/applicant for registration or licensing of house trailers and mobile homes has the duty of designating the county and school district in which the mobile home is located or is to be located. However, in 1974, the Legislature passed the following concurrent resolution (H.C. Res. 1121, O.S.L., 1974 p. 739) expressing its intent, to-wit: ". . . that it is the intent of the Legislature that every tag agent and other representative of the Oklahoma Tax Commission who receives an application for license and registration of any house trailer or mobile home shall interrogate the applicant as to the county and school district wherein the concerned vehicle is located or is to be located and remind him to indicate such fact in his application so that a correct distribution to schools of the fee collected may result." (Emphasis added). Although, 47 O.S. 22.5m [47-22.5m] (1971) has been amended since the passage of the above resolution, the provisions at which this resolution was directed were not materially changed. Therefore, the Legislature's intent to impose a duty to assist and interrogate the applicant to insure a correct designation of school districts and distribution of money is still in effect for the Commission and its tag agents to follow. It is clear that the Oklahoma Tax Commission and its representatives have the general responsibility to enforce all tax and licensing laws under their jurisdiction, but in the instant case if the tag agent performs his duty in assisting the applicant with the proper preparation of an application, the ultimate responsibility and liability for the correctness and truth of the designation must rest with the person applying for the license. Your second question must be answered in a general manner since the degree of liability of any public officer is measured by a review of a factual situation and a determination as to whether a mistake is intentional, negligent, or clerical, resulting in a violation of his official duties and responsibilities, thereby subjecting him to liability, disciplinary actions, or removal from office. It is, therefore, the official opinion of the Attorney General that a motor license agent is responsible for inquiry of and assistance to an applicant for a mobile home license to insure a correct designation of school districts and distribution of money, but the ultimate correctness and truth of the designation must rest with the person applying for the license. A representative of the Oklahoma Tax Commission is obligated to perform his duties as a public official, and the degree of liability attached to those actions can only be determined from a review of a specific factual situation. (Ed note: Tag Agent) (William S. Flanagan)